Burket, J.
The judgment of the circuit court is, that the amended petition does not state facts sufficient to constitute a cause of action, and that there is no other error in the record. We think that the circuit court was right in finding no other error in the record, and will therefore consider only the question as to whether the petition states facts sufficient to constitute a cause of action.
If Section 2702, Revised Statutes, known as the Burns law, is applicable to the case, the petition states a good cause of action, and the other questions, so ably argued by counsel, become of little importance.
The proceedings of the council show that the costs and expenses of the brick or block and curbing were *294 to be assessed upon the bounding and abutting property by the foot front, and all the other costs and expenses of the improvement were to be levied upon the generar tax list of the village. The “other costs and expenses” included all except the cost of brick, block and curb; and the materials and labor included in these other costs and expenses formed a part of the contract for the whole improvement awarded to said John F. Welch and Abner Juniper; and by that contract the village agred to pay them a certain sum of money for the whole improvement, including these other costs and expenses. This agreement to pay the contractors for all of the improvement not included in the brick, block and curb, out of a levy on the general tax list of the village, involved an expenditure of money which could only be raised by such a levy, and the same was therefore included in those agreements which are prohibited by said Section 2702.
The section is general in its terms, but the object of the general assembly evidently was to compel municipalities to have the money in the treasury before appropriating or spending it. This can only apply to money raised, or to be raised, by a levy on the general tax list of the municipality. If the money is to be provided, in the first instance, by taxation, it must be collected and in the treasury before it can be appropriated or expended either by ordinance, resolution, order, contract, agreement or other obligation. If bonds are issued and sold, and the money provided in that manner, the bonds to be paid by a levy on the general tax list, money arising from the sale of such bonds must be in the treasury before it can be expended, the same as if it had been raised by taxation in the first instance.
In all such cases said Section 2702 is applicable, unless there is an exception by some other provision *295 of the statute; and when that section is applicable to any particular case, no liability can arise as against the municipality, unless the certificate required by the section shall be first filed and recorded; and whether the same has been so filed and recorded must be ascertained by all contractors for themselves at their peril. Lancaster v. Miller, 58 Ohio St., 558; McCloud and Geigle v. Columbus, 54 Ohio St., 439; Buchanan Bridge Co. v. Campbell et al., 60 Ohio St., 406. A municipality is not estopped from availing itself of the provisions of this section to defeat a claim brought against it, when the section has been violated, even though the contractor has performed his work. In such cases the contract as well as what is done thereunder, is void as against the municipality.
In cases of street improvements the course of procedure is usually about as follows: A resolution is passed by the council to the effect that it deems it necessary that a certain named street should be improved in a certain manner, the cost and expense to be assessed' in whole or in part upon the property bounding and abutting thereon, or adjacent thereto. After notice and other proceedings, an ordinance is passed to the effect that the improvement be made as provided in the resolution, plans, specifications, etc. The improvement is then advertised, bids received, and a contract made for the completion of the improvement. This bid, and the contract made thereunder, for the first time enables the council to ascertain the cost and expense of the improvement. With the cost and expense thus fixed, the council at the proper time makes an assessment of the amount to be paid by the property holders upon their property, and pays the balance out of money in the treasury raised by taxation, or by sale of its bonds, the bonds to be paid by a levy on the general tax list. Some of the *296 property owners pay their whole assessment at once, and that money is paid over to the contractor. Others fail to pay, and for the amounts of their assessments with the interst thereon, the municipality issues and sells its bonds and pays the money to the contractor, and pays the bonds out of the assessments when collected.
In such a transaction the only money which the municipality pays out of its treasury of money raised by levy on the general tax list, is so much of the cost and expense of the improvement as is not assessed against the property holders, and as to that part said Section 2702 is applicable, and must be complied with in order to make the municpality liable for such part of the cost and expense.
As to the part of the cost and expense to be assessed against the bounding, abutting or adjacent property, said section does not apply, and in the nature of the case cannot apply, because it is impossible for the council to ascertain the amount of money required, until after it knows who has paid and who has failed to pay his assessment, and by that time a large part, if not all, of the cost and expense will have been incurred.
It does not apply for the further reason, that by necessary implication said section has reference to money of the municipality, that is, money raised, or ultimately to be raised, by a levy on the general tax list, and does not cover or refer to money of individuals, that is, money to be raised by an assessment upon the property along tbfe improvement. The municipality is limited and restrained by this section, as to the expenditure of its own money, but not as to the money of others. As to such assessments, it is competent for the contractor to agree to take the assessments in payment for his labor and materials, and collect the same *297 as provided by law; and if he does so, the money never goes into the treasury, and no certificate can be filed as to the same.
It is therefore clear, that as to the expenditure of money to be raised by such assessments, Section 2702 is not applicable;
This holding protects the treasury and the general taxpayer, and at the same time enables needed local improvements to be made without detriment to the municipality, and is in accordance with the intention of the general assembly in passing the Burns law.
The case of Cincinnati v. Holmes, 56 Ohio St., 104, known as the Avondale case, is in line with this holding. It was not held in that case as argued by counsel for the defendant in error, that the Burns law does not apply to any part of the cost' and expense of street improvements; but the holding was that the special acts under which the improvements were made in that case, and which had been previously held constitutional by this court, were to be read as an exception to the Burns law, and that for that reason alone the statute did not apply in that case. The Burns laAV being one of a general nature it is doubtful whether exceptions of a local nature can be constitutionally made thereto.

Judgment of the circuit court reversed and that of common pleas affirmed.